UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD J. NEWTON,

    Plaintiff,

v.

Case No. 25-cv-12559
Hon. Matthew F. Leitman

EARLY WARNING SERVICES, LLC,

    Defendant.
_____/

**<u>ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECUSAL (ECF No. 9); AND (2) REQUIRING PLAINTIFF TO FILE SERVICE DOCUMENTS OR SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED</u>**

In this action, *pro se* Plaintiff Donald J. Newton alleges that Defendant Early Warning Services, LLC, violated the Fair Credit Reporting Act and Michigan tort law. (*See* Compl., ECF No. 1.) He seeks money damages and injunctive relief. (*See id.*) Now before the Court is Newton's Motion for Recusal. (*See* Mot., ECF No. 9.) The Court **DENIES** that motion for the reasons stated below. Additionally, because Newton has failed to comply with the Court's August 19, 2025, Order directing him to complete service on the Defendant within 14 days (ECF No. 5), the Court directs Newton to either (1) present the required service documents to the Clerk's Office within 14 days or (2) **SHOW CAUSE** in writing within 14 days why this action should not be dismissed.

I

1

On September 2, 2025, Newton filed a motion to recuse the undersigned from presiding over this case. (*See* Mot., ECF No. 9.) Newton says that a handful of the Court's previous rulings in other, unrelated matters, "demonstrate[] bias and the appearance of partiality in favor of corporate and institutional defendants." (*Id.*, PageID.87.) He also states that the Court's recent denial of his motion for emergency injunctive relief in the current action "reflects a continuation of the same pattern." (*Id.*)

Newton brings his motion to recuse under 28 U.S.C. §§ 144, 455. (*See id.*) This Court recently stated the governing legal standard for a motion to recuse as follows:

> [28 U.S.C. § 455] provides that a district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute further provides that a district judge "shall also disqualify himself" if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). . . .
>
> The test for disqualification under the statute is "not based on the subjective view of a party." *Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016) (quoting *United States v. Dandy*, 989 F.2d 1344, 1349 (6th Cir. 1993)). Instead, the statute "imposes an objective standard: a judge must disqualify himself 'where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Id.* (quoting *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013)).
>
> The analysis of a disqualification motion starts from the premise that a federal district judge "is presumed to be

2

impartial." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (citing *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)). Thus, "[t]he burden is on the moving party to justify disqualification." *Burley*, 834 F.3d at 616 (citing *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999)). And the burden is "substantial." *Denton*, 434 F.3d at 1111 (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)). Moreover, a party seeking disqualification faces an "uphill battle" where the Court's alleged bias "ar[o]se during the course of current or prior proceedings." *Burley*, 834 F.3d at 616 (citing *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)). Indeed, as the Supreme Court has explained:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.
>
> *Liteky*, 510 U.S. at 555.

(*Dorman v. Township of Clinton*, No. 15-cv-12552, 2025 WL 85223, at *2 (E.D. Mich. Jan. 13, 2025).

The Court has carefully reviewed Newton's motion and concludes Newton has not provided any basis for the Court to recuse itself in this matter. Newton's short list of cases in which he believes the Court was unfair to "individual litigants

3

and consumers" (Mot., ECF No. 9, PageID.87) falls far short of showing that the Court is biased against him.  Newton offers no analysis of the rulings in those cases and makes no attempt to show that those decisions were wrong or unfair.  And he draws no plausible connection between those decisions and this case.

Further, the Court's denial of Newton's request for emergency injunctive relief does not indicate partiality, as Newton alleges. (*See id.*)  The Court denied Newton's request for an emergency temporary restraining order because Newton failed to satisfy any of the requirements for that form of extraordinary relief under Federal Rule of Civil Procedure 65(b)(1).  (*See* Order Denying Plaintiff's Motion for Emergency Temporary Restraining Order, ECF No. 8.)  Adherence to the Federal Rules does not indicate prejudice or partiality on the part of the Court.  Moreover, in that denial, the Court indicated it could revisit the issue of injunctive relief after Newton satisfied the Rule's requirements. (*See id.*)

For all of these reasons, Newton's motion for recusal is **DENIED**.

## II

Newton filed his Complaint in this action on August 15, 2025, and applied to proceed *in forma pauperis*. (*See* ECF Nos. 1, 2.)  On August 19, 2025, the Court granted Newton's application to proceed *in forma pauperis* and entered an Order directing Newton to complete and present service documents to the Clerk's Office within 14 days of the Order.  (*See* Order Directing Plaintiff to Complete Service

Documents and for Service of Process by the U.S. Marshal, ECF No. 5, PageID.61.) Over a month has passed since the Court entered that Order, and Newton has not completed and presented any documents to the Clerk's Office. Nor has Newton asked for additional time to provide the documents. Without the required documents, this action cannot proceed. Accordingly, **IT IS HEREBY ORDERED** that Newton shall either (1) present the service documents to the Clerk's Office within 14 days from the date of this Order or (2) **SHOW CAUSE** in writing within 14 days why this action should not be dismissed. Newton's failure to comply with this order will result in dismissal of this action.

    **IT IS SO ORDERED**.

Dated: September 24, 2025

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 24, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126